## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

DAVID COCHLIN, WANDA SUE    )
CRANDELL, JESSE EPPLER and    )
JULIE DINES,    )
   )
          Plaintiffs,    )
vs.    )    NO. CIV-06-0032-HE
   )
DOBSON COMMUNICATION    )
CORPORATION a/k/a CELLULAR    )
ONE, BRIAN BOONE and JUDE    )
O'SULLIVAN,    )
   )
          Defendants.    )

## ORDER

Plaintiff David Cochlin filed this action against Dobson Communication Corporation a/k/a Cellular One ("Dobson"), his former employer; Brian Boone, his supervisor at Dobson; and Jude O'Sullivan, a coworker. Against Dobson, Cochlin asserts a retaliatory discharge claim under the Americans with Disabilities Act ("ADA") and a Burk[1] tort. He also asserts a Burk tort against the individual defendants, claiming they retaliated against him for complaining about age discrimination against other Dobson employees, and alleges that Boone and O'Sullivan tortiously interfered with his employment relationship with Dobson.

Boone and O'Sullivan have filed a motion for summary judgment asserting the plaintiff cannot maintain a Burk tort against them because they were not his employer.[2] They

---

[1]*Burk v. K-Mart Corp., 770 P.2d 24 (Okla. 1989).*

[2]*The motion was filed with respect to the claims of Cochlin and another plaintiff, who has since settled with the defendants.*

contend that his tortious interference claim is legally insufficient and, with respect to defendant O'Sullivan, is factually insufficient.  The court concludes the defendants' motion should be granted in part and denied in part.[3]

The defendants argue that there is no individual liability under <u>Burk</u>.  The tort can only be asserted, they contend, against an employer.  The plaintiff acknowledges that no Oklahoma cases support his position, but states that he is not asserting a "generic <u>Burk</u> tort, but a particular subset of that tort arising out of the policies set out in the Oklahoma Anti-Discrimination Act (OADA) ... which expressly provides for individual liability."  Plaintiff's response, p. 13.

The court approaches any determination of the reach of the <u>Burk</u> tort, or any "subset" thereof, with considerable trepidation.  The parameters of that tort, in the employment context, have become extraordinarily difficult to determine.  The outcomes in particular cases appear to be driven by a variety of considerations — the type of discrimination alleged, whether the federal remedy is adequate, whether the alleged discrimination was "status" based or "conduct" based, whether Oklahoma's statutory remedy for the particular type of discrimination is identical to that for other types of discrimination, and the like.  This court

---

[3]*Summary judgment is appropriate only when "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).  The court has viewed the evidence and any reasonable inferences that might be drawn from it in the light most favorable to the plaintiffs, the nonmoving parties. <u>Davidson v. America Online, Inc.</u>, 337 F.3d 1179, 1182  (10th Cir 2003).  Except for defendant O'Sullivan's assertion that the plaintiff's tortious interference claim against him is factually inadequate, the defendants' motion challenges the legal sufficiency of the plaintiff's claims.*

is unable to discern any unifying principle or coordinated series of principles in the existing authorities which would provide a definitive guide to the issue presented here.  In the absence of such guidance, and for claims of the type asserted here, the court declines to extend the <u>Burk</u> tort beyond the definition of "employer" referenced in prior cases.  *See* <u>Higgins v. The Bob Moore Auto Group</u>, No. CIV-01-1603-C (W.D.Okla. Dec. 28, 2001)(order granting motion to dismiss).  Summary judgment will therefore be entered in the defendants' favor on the plaintiff's public policy tort claim.

The defendants attack the plaintiff's tortious interference with contract claim both factually and legally.  The court agrees that the plaintiff's evidence of defendant O'Sullivan's alleged wrongful interference with his employment contract is insufficient.  Cochlin testified that O'Sullivan indirectly interfered with his employment by discriminating against Cochlin's coworkers and creating a situation he had to report, which, he claims, precipitated his termination.  He also attempts to create a factual dispute by asserting that, while O'Sullivan testified he did not communicate with anyone about the plaintiff's termination, O'Sullivan "was actively involved in generating reasons" for Cochlin's discharge.  Plaintiff's response, p. 1.  The evidence cited to demonstrate this fact, an email and the deposition testimony of Kimberly Cole, show only that O'Sullivan had provided information for, and reviewed, a report Cole prepared, apparently concerning problems in Cochlin's department,[4] and had responded to a request for information from Boone.   The plaintiff's proof  is not

---

[4]*Cochlin was director of Loyalty and Call Center Automation.*

3

enough to create a factual dispute as to O'Sullivan's participation in his termination. O'Sullivan is entitled to summary judgment on this claim.

The plaintiff will, however, be permitted to proceed to trial with his tortious interference claim against defendant Boone.  As noted by the defendants, generally a corporate employee cannot be liable under Oklahoma law for wrongfully interfering with a contract between his employer and a third party, if the employee was acting as an agent of his employer.  Martin v. Johnson, 975 P.2d 889, 896 (Okla. 1998).  If, though, the "employee acts in bad faith and contrary to the interests of the employer in tampering with a third party's contract with the employer" the employee is not "exempt from a tort claim for interference with contract."  Id. at 896-97.  A determination that Boone is liable for wrongfully interfering with the plaintiff's employment contract because he was acting outside the scope of his employment when he discharged Cochlin may impact his termination claims against Dobson.  That does not, however, preclude him from asserting the claim.

Accordingly, the defendants' amended motion for summary judgment [Doc. # 86] is **GRANTED** as to the plaintiff's Burk tort claim against both defendants and his tortious interference claim against defendant Sullivan, and **DENIED** as to his tortious interference claim against defendant Boone.  Judgment on the plaintiff's Burk tort claim and his tortious interference claim against defendant O'Sullivan will be entered when the action is concluded with respect to all claims and parties.  Fed.R.Civ.P. 54(b).  This case will proceed to trial as to Cochlin's (a) ADA retaliatory discharge and Burk tort claims against Dobson and (b) his tortious interference claim against Boone.

4

**IT IS SO ORDERED**.

Dated this 16th day of March, 2007.

JOE HEATON
UNITED STATES DISTRICT JUDGE